UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER COLEMAN,<br>Petitioner, | §<br>§<br>§ |
| VS. | § CIVIL ACTION NO. H-02-3865<br>§ |
| RICK THALER,[1]<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

In June 1997, a Texas jury convicted Christopher Coleman of capital murder for killing three people, one of whom was a three-year-old child. Coleman was sentenced to death. Coleman has repeatedly challenged his conviction and sentence in both federal and state court. In 2004, this Court entered an order denying Coleman's federal petition for a writ of habeas corpus. (Docket Entry No 18). The Court of Appeals for the Fifth Circuit subsequently denied Coleman's request for a Certificate of Appealability, *Coleman v. Quarterman*, 456 F.3d 537 (5th Cir. 2006), and the Supreme Court denied certiorari review, *Coleman v. Quarterman*, 549 U.S. 1343 (2007). The State of Texas has set an execution date for September 22, 2009. Now, almost five years after this Court denied his federal habeas petition, Coleman has filed a motion for relief from the final judgment under FED. R. CIV. P. 60(b). (Docket Entry No. 43). Ultimately, Coleman seeks to stay the execution of his death sentence. (Docket Entry No. 42).

The Fifth Circuit described the crime for which Coleman was convicted as follows:

---

[1]   On July 15, 2009, Rick Thaler replaced Nathaniel Quarterman as the Director of Texas Department of Justice-Correctional Institutions Division. Accordingly, Thaler "is automatically substituted as a party." FED. R. CIV. P. 25(d)(1).

> On the night of December 13, 1995, Christopher Coleman and two other men were driving together around Houston, Texas. They stopped on a dead-end street and waited. Soon after, another car arrived and parked behind the car in which Coleman was riding. This second car carried four people: the driver, Jose Luis Garcia-Castro; his girlfriend, Elsie Prado; Prado's brother, Heimar Prado Hurtado; and Prado's three-year old son, Danny Giraldo. Coleman and the two other men got out of their car and approached the second vehicle, where one of Coleman's companions spoke to Hurtado. Then, standing close to the passenger side of the car, Coleman opened fire on the occupants of the second vehicle.
>
> When police arrived, they found Hurtado, Garcia-Castro, and Giraldo dead and Prado seriously injured. Prado survived her injuries and told police that she would never forget the shooter's face. She picked Coleman's picture from a photo spread nine days after the shooting. A week later, police arrested Coleman in Lawrenceburg, Tennessee.
>
> Two Houston police officers traveled to Tennessee to transport Coleman back to Texas. Upon arriving at the Lawrenceburg police station, the Houston officers read Coleman the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and Coleman waived his rights. After roughly three hours of being interviewed by the officers, Coleman gave a recorded statement in which he admitted being present when the murders occurred; he did not admit to being the actual shooter.

*Coleman*, 456 F.3d at 540. Coleman raised 18 claims in his initial federal petition, none of which are related to the matter now before the Court.

Coleman's recent Rule 60(b) motion seeks to advance a claim based on *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, the government must disclose all information favorable to the defense. Three essential elements compose a valid *Brady* claim: "'The evidence must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *Banks v. Dretke*, 540 U.S. 668, 691 (2004) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Coleman claims that this Court should reopen and reconsider its judgment because a co-defendant (Enrique Mosquera) recently provided an affidavit revealing that he knew an eyewitness

2

(Elsie Prado) and her family years before the crime while they lived in Colombia. Mosquera also states that he informed a police detective about his relationship with Prado. Coleman argues that this relationship tainted Prado's testimony, causing her to shift blame for the killings to Coleman because she feared for reprisal against her relatives. Coleman alleges that the prosecution did not reveal this potential source of bias to trial counsel. The Respondent has filed a reply in opposition. (Docket Entry No. 44).

Coleman has repeatedly raised portions of his *Brady* claim before in both state and federal court, though until recently he lacked evidentiary support for his allegations. For the reasons discussed below, the Court finds that Coleman's Rule 60(b) motion is (1) untimely; (2) the equivalent of an unauthorized successive habeas petition; and (3) an unsanctioned attempt to sidestep the AEDPA's successive habeas petition limitations.

### I.  Timeliness of Coleman's Rule 60(b) Motion

As an initial matter, the Court finds that Coleman's Rule 60(b) motion is subject to dismissal as untimely. Rule 60(b) gives a court broad equitable power to "relieve a party or a party's legal representative from a final judgment, order, or proceeding[.]" Rule 60(b), however, does not permit open-ended reconsideration of a final judgment. A party must show "extraordinary circumstances" to reopen a final judgment. *Ackermann v. United States*, 340 U.S. 193, 199 (1950). Importantly, a party must seek relief under Rule 60(b) "no more than a year after the entry of the judgment" if proceeding under subsections 60(b)(1) through (3), or "within a reasonable time" if proceeding under the remaining subsections. FED. R. CIV. P. 60(c)(1).

Because Coleman specifically asks for relief under Rule 60(b)(5) and (6), which allow for reconsideration when "applying [the judgment] is no longer equitable" or for "any other reason that

3

justifies relief," this Court must decide whether Coleman has raised his Rule 60(b) motion "within a reasonable time." What constitutes a "reasonable time" depends on the facts of the case, "taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Travelers Ins. Co. v. Liljeberq Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994). This Court entered a final judgment on September 29, 2004. (Docket Entry No. 19). Coleman has not shown why he could not have sought relief from the judgment until now, nearly five years later. While Coleman has only recently obtained an affidavit to support his *Brady* claim, his pleadings suggest that he was aware of the facts of that claim before the Court denied his habeas petition. (Docket Entry No. 42 at 2) ("Mr. Mosquera made an admission in 2003 to an investigator that he knew Ms. Prado in Colombia but [until recently] would never agree to provide a statement to that effect."). Coleman has "exercised consistent due diligence to try and bring these matters before the state courts in 2007 and 2009," (Docket Entry No. 42 at 3), as well as the Fifth Circuit, *In re Coleman*, No. 09-20586 (5th Cir. September 16, 2009). Coleman has repeatedly used the facts underlying his *Brady* claim, even without the new evidentiary support, to file new habeas actions, proving that he could have asked this Court to reconsider its 2004 judgment well before now. The Court, therefore, denies Coleman's Rule 60(b) motion as untimely.

In an abundance of caution, however, the Court will also review whether a Rule 60(b) motion is the appropriate vehicle for Coleman's *Brady* claim and whether he can advance his claim in a new successive habeas application.

## II. Rule 60(b) Does not Allow for the Assertion of New Claims

Coleman's motion raises the question of whether Rule 60(b) is the appropriate vehicle to

4

advance his *Brady* claim. Coleman's federal habeas petition did not raise any argument -- based on *Brady* or otherwise -- alleging that a relationship between a co-defendant and an eyewitness was kept from him by the prosecution.

Rule 60(b) does not create an opportunity for a party to raise claims unanticipated by his initial proceeding. Accordingly, this Court must address whether Coleman's new *Brady* claim truly seeks to reopen his initial federal proceedings or amounts to a successive habeas attack on his conviction. Rule 60(b) operates in habeas cases "only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (quoting RULES GOVERNING § 2254 CASES, Rule 12). The Supreme Court has held that raising new claims in a Rule 60(b) motion amounts to filing a successive habeas petition. *Gonzalez*, 545 U.S. at 531 ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [the AEDPA's limitations on successive petitions].").

In *Gonzalez*, the Supreme Court differentiated between a valid Rule 60(b) motion and one that is in reality a successive habeas petition, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." 545 U.S. at 529. The *Gonzalez* Court "provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007)

5

(footnote omitted). However, there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4. In sum, a Rule 60(b) motion will "not . . . be treated as a successive habeas petition if the motion attacks a defect in the integrity of the federal habeas proceedings and does not raise a new ground for relief or attack the district court's resolution of a claim on the merits." *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007).

Coleman's Rule 60(b) motion does not challenge the judgment denying his initial federal habeas petition; he seeks to raise a habeas claim foreign to that action. This is not a case that "attacks . . . some defect in the integrity of the federal habeas proceedings" itself but adds "a new ground for relief" to the initial habeas proceedings. *See Gonzalez*, 545 U.S. at 531. In that respect, Coleman's *Brady* claim amounts to the filing of a successive habeas action. This is particularly evident because, as the Court will discuss further below, Coleman has already tried to advance his argument in a successive federal habeas action. The statutory provisions encapsulated in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") serve to create, with limited exceptions, a one-bite-at-the-apple procedure in habeas cases. *See* 28 U.S.C. § 2244(b); *Felker v. Turpin*, 518 U.S. 651, 659-665 (1996). The AEDPA requires an inmate to seek authorization from the appellate courts before filing a second or successive federal habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). As the AEDPA gives only circuit courts power to allow the filing of a successive petition, *see* 28 U.S.C. § 2244(b)(3)(A), this Court cannot consider the merits of Coleman's *Brady* claim. The Court, therefore, finds that Coleman's Rule 60(b) motion is subject to dismissal as a successive habeas application.


### III. The Fifth Circuit Has Already Refused to Allow Coleman's *Brady* Claim to Proceed

The issues at hand should be and were considered in the context of Coleman's recent litigation in the Fifth Circuit. On September 2, 2009, Coleman filed a motion in the Fifth Circuit seeking permission to file a successive federal habeas petition.[2] The Fifth Circuit described Coleman's proposed *Brady* claim as follows:

> Coleman argues that this court should grant his motion and permit a successive habeas petition in the district court because the prosecution in his criminal trial committed a violation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, he argues that Elsie Prado, an eyewitness to the murders who identified Coleman as the shooter, has only recently revealed that she knew Coleman's co-defendant Enrique Mosquera and his family in Colombia prior to Prado's emigration to the United States. Coleman also alleges that Prado had vulnerable relatives in Colombia who might have been subject to reprisals if she had named Mosquera as the shooter. If this information had been known to Coleman's trial counsel, he argues, reasonable doubts could have been raised about possible bias and the accuracy of Prado's testimony.
>
> This allegation is supported with affidavits from Coleman's trial counsel, as well as an affidavit from a private investigator describing a September 2008 interview with Prado. There is also a translated transcript of a separate 2007 interview with a second private investigator (with supporting affidavits from that investigator).

---

[2]   The statute allows an inmate to file a successive petition under the following circumstances:

   (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (B)(I)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

   (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

> Finally, Coleman offers a 2007 affidavit from a private investigator who describes a 2003 interview with Mosquera. Neither Prado nor Mosquera have provided any affidavits concerning this issue

*In re Coleman*, No. 09-20586 at 3-4 (5th Cir. September 16, 2009).

The Fifth Circuit found that Coleman's proposed *Brady* claim did not meet the showing required by 28 U.S.C. § 2244(b)(2). The Fifth Circuit provided three justifications for dismissing Coleman's motion:

(1) Coleman's *Brady* claim relied on speculation, but not proof, that the prosecution was aware that Prado and Mosquera knew each other;

(2) Coleman's private investigator interviewed Mosquera and learned about his relationship with Prado "on June 16, 2003 – more than a year prior to the district court's denial of his original habeas petition in September 2004" making the claim previously discoverable under 28 U.S.C. § 2244(b)(2)(B)(i) and ineligible for filing in a successive petition; and

(3) Coleman had not shown by clear and convincing evidence that, but for the alleged suppression of evidence, the jury would not have found him guilty, as required by 28 U.S.C. § 2244(b)(2)(B)(ii), particularly because the jury instructions and the facts of the crime allowed for his conviction under Texas' law of the parties, irrespective of the eyewitness testimony.

On that basis, the Fifth Circuit found that Coleman did not meet the requirements of 28 U.S.C. § 2244(b)(2), refused to authorize a successive petition, and denied his request for a stay of execution.

The *Brady* claim raised in Coleman's Rule 60(b) motion is nearly identical to the one that he advanced in the Fifth Circuit in argument, though he now possesses an actual affidavit from Mosquera. The Fifth Circuit has already refused to authorize a successive petition on Coleman's *Brady* claim; this Court cannot grant Coleman leave to do so.

It may be that the new affidavit constitutes a "factual predicate [that] could not have been

8

discovered previously through the exercise of due diligence," and thus allows him to proceed in a successive habeas petition. 28 U.S.C. § 2244(b)(2)(B)(I). The Court notes, however, that Mosquera's affidavit does not unquestionably exculpate Coleman for the murder, it simply provides context to the crime. Mosquera still affirms that "two other black males" were present at the murder, though his affidavit does not specify who fired the killing shots. Coleman confessed to being present at the murder. It is not clear whether Coleman's pleading stills suffers from the third deficiency identified by the Fifth Circuit because his claim fails to show that the jury would not have convicted him at least as a party to the offense. All of these matters, however, will be for the Fifth Circuit to decide.

## IV.     Certificate of Appealability

A circuit court cannot consider most habeas appeals unless the district or circuit courts designate specific issues for appellate consideration. *See* 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). Should Coleman seek appellate review of the denial of his Rule 60(b) motion, he will need to obtain a Certificate of Appealability ("COA"). *See Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007) (finding that a habeas petitioner needs a COA to appeal a Rule 60(b) motion). Coleman has not yet asked for a COA, though this Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a COA when "[a petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA may issue when the claims "presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484. Because of the importance of the issues raised by Moquera's affidavit, the Court finds that the procedural viability of Coleman's *Brady* claim merits appellate consideration. The Court grants a COA.

## IV.  Conclusion

For the reasons outline above, the Court denies Coleman's motion under Rule 60(b) and his request for a stay of his execution. The Court certifies for appellate consideration his ability to raise his *Brady* claim.

Signed at Houston, Texas, on September 18, 2009.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE